### KING v. PENNSYLVANIA R. CO. et al.
### Civil Action No. 976.

United States District Court
S. D. Ohio, W. D.

April 21, 1949.

Joseph W. Sharts, H. H. Singer, Dayton, Ohio, for plaintiff.

Matthews & Altick, Dayton, Ohio, for defendants.

NEVIN, Chief Judge.

On March 8, 1949, defendants filed their answer herein.

On March 23, 1949, plaintiff filed a motion wherein he asks the court to require defendants:

(1) To strike certain allegations from their answer.

(2) To make their answer more definite and certain in certain respects.

(3) For a "bill of particulars" in the event the second branch of the motion should be overruled.

The cause is now before the court on this motion of plaintiff, directed to defendants' answer.

#### I.

#### The Motion to Strike.

In view of the provisions of Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the court is of the opinion and so finds that so much of plaintiff's motion as is contained in the first paragraph thereof, to-wit, to require defendants "to strike from their answer the eighth paragraph thereof" is not well taken and it should be, and it is, overruled.

#### II.

#### The Motion to Make More
#### Definite and Certain.

This branch of plaintiff's motion is addressed to some of the allegations in paragraph 7 of the answer.

In paragraph 7, it is alleged inter alia "that there was no indication from the appearance or conduct of plaintiff or the other passengers * * * that any in-

sulting or improper language was being, or would be used, or that any of said passengers would have any tendency to assault any other passenger."

Upon a consideration of the petition and the whole of the answer, the court is of the opinion and so finds that plaintiff's motion in this second branch thereof is well taken and should be sustained to this extent, to-wit; defendants should state in this paragraph of their answer when and to whom defendants claim "there was no indication from the appearance or conduct of plaintiff or the other passengers" etc.

Do defendants mean there was "no indication" to the proper officials in charge of the train? If so, do they mean there was no such "indication" just prior to the time "Ned G. King engaged in a fist fight with two male passengers in said lounge" as averred in paragraph 2 of their answer? Were any such "officials" present just prior to or at the time of the alleged "fight"? (It is indicated in paragraph 5 of the answer that they were not.) It seems to the court defendants should set out in their answer such facts (if such there be) as will answer these questions.

It may be, as defendants claim in their memorandum, that this information can be obtained by plaintiff by way of deposition or discovery, but it is the view of the court that plaintiff should not be required, in the light of the allegations of the pleadings in this particular case, to adopt that procedure.

So far as the allegations here referred to are concerned, there is nothing in the answer to show but what they are merely a conclusion of the pleader, in which latter event, if the information sought cannot be supplied, they should be stricken from the answer. This branch of defendants' motion is sustained to the extent indicated.

### III.

The Motion for "A Bill of Particulars."

In the light of its ruling just made, under subsection II, it is unnecessary for the court to, and it does not, pass on the third branch of defendants' motion.

Counsel may prepare and submit an order in accordance herewith.